IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WENDALL HALL,**

    **Plaintiff,**

**vs.**                                                                                                          **CASE NO. 4:04CV347-MMP/AK**

**LT. J. OLIVER, et al,,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 complaining about a loss of gain time resulting from a disciplinary report he received to which he pled not guilty. (Doc. 14).  Plaintiff claims that disciplinary team members Defendants Oliver and Hall made findings that he was not guilty, but the other team members ordered a loss of gain time and that he be placed in disciplinary confinement.  (Doc. 14).  Plaintiff claims that he should not have been found guilty on this disciplinary report and seeks damages, a release from close management, and that the report be expunged from his record.

Plaintiff was told previously that in order to state viable claims regarding a disciplinary report he must assert procedural errors in the disciplinary process, and that

a challenge made to the wrong result was not a viable claim. (Doc. 11). See Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff was advised that procedural challenges may also be barred, if the nature of the challenge to the procedures could be such as to necessarily imply the invalidity of the judgment. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997). The Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003). Plaintiff has not asserted any procedural errors in the process, he simply asserts that he should have been found not guilty.

    In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc.14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff was advised that he should dismiss his complaint if he had no additional facts to add to his claims regarding procedural errors, and he filed an amended complaint reasserting the same claims and facts instead, it is recommended that this dismissal constitute a strike within the meaning of 28 U.S.C. §1915(g).

    **IN CHAMBERS** at Gainesville, Florida, this __23rd__ day of March, 2005.

                                                 **s/ A. KORNBLUM**
                                                 **ALLAN KORNBLUM**
                                                 **UNITED STATES MAGISTRATE JUDGE**

**No. 4:04cv347-mmp/ak**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:04cv347-mmp/ak**